IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                                                **No. CR 10-0699 RB**

**MAGDALENE MIRANDA,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** came before the Court on Defendant's Petition for a Downward Departure (Doc. 99), filed on October 29, 2012. Defendant requests a reduction of her 150-month sentence, which was imposed on February 8, 2012. Defendant asks the Court to modify the sentence based on her age, family ties, and reformed attitude. The Court finds that the request must be denied due to lack of jurisdiction.

      "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). The Tenth Circuit has consistently recognized that "a district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). Because Defendant's request is neither a direct appeal nor a collateral attack under 28 U.S.C. § 2255, "the viability of [her] motion depends entirely" on 18 U.S.C. § 3582(c). *United States v. Trujeque*, 100 F.3d 869, 870 (10th Cir. 1996). Section 3582(c) sets forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in certain extraordinary circumstances or where defendant has reached 70 years of age and has served at least

30 years in prison; (2) when "expressly permitted by statute or by Rule 35"; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); *see Blackwell*, 81 F.3d at 947-48; *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997). Section 3582(c) is inapplicable.

Defendant has not cited any statute which would authorize the court to modify her sentence. Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of Defendant's sentence at this time. Rule 35 authorizes re-sentencing (a) to correct arithmetical, technical, or other clear error within seven days of sentencing; or (b) to reflect defendant's substantial assistance on motion of the government. *See* Fed. R. Crim. P. 35. Defendant's situation does not fit within the parameters of Rule 35. Rule 36 authorizes the court to correct clerical-type errors. Rule 36 is inapplicable because Defendant seeks a substantive modification of her sentence, not a correction of a clerical-type error. While the Court appreciates Defendant's change of heart and desire to guide her family, no legal basis exists that would allow the Court to reduce her sentence. Defendant's motion for sentencing reduction is, therefore, denied.

**IT IS SO ORDERED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**