# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MAGDALENE MIRANDA,

        **Movant,**

        **vs.**                                      **Civ. No. 13-143 RB/ACT**
                                                  **Cr. No. 10-699 RB**

UNITED STATES OF AMERICA,

        **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. 2255 {"Motion"), filed February 11, 2013. [Doc. 1] On April 8, 2013, Respondent filed its Response ("Response"). [Doc. 10.]  No reply was filed. Having considered the parties' submissions and the relevant law, the Court recommends that Petitioner's Motion be DENIED and this action be dismissed with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

1.      On March 17, 2010, Magdalene Miranda ("Movant") was indicted on three counts of distribution of 5 grams and more of methamphetamine and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2. [Doc. 10 at 1; USDC NM

---

[1]  On Order of Reference [Doc. No. 4] was entered on February 12, 2013, referring this case to Magistrate Judge Alan C. Torgerson to conduct, hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case.

Cr. No. 10-699, Doc. 20.] The charges stem from three separate incidents where Movant sold methamphetamine to a cooperating witness.[2] [Doc. 10 at 1.]

2.      On March 18, 2010, the Court held an arraignment as to Movant at which time she entered a plea of not guilty to all counts. [Cr. No. 10-699, Doc. 22.]

3.      On March 29, 2010, Attorney Donald J. Morrison moved to withdraw as Movant's attorney. [Cr. No. 10-699, Doc. 27.] On March 30, 2010, District Judge Brack entered an Order granting Movant's Motion to Withdraw. [Cr. No. 10-699, Doc. 29.]

4.      On March 31, 2010, Attorney Stephen E. Hosford was appointed as counsel for Movant. [Cr. No. 10-699, Doc. 30.]

5.      On September 13, 2010, the United States filed an Information to Establish Prior Conviction Pursuant to 21 U.S.C. § 851, which enhanced Movant's term of imprisonment for a period of not less than 10 years.[3] [Cr. No. 10-699, Doc. 59.]

6.      On September 22, 2010, following a two-day jury trial, Movant was found guilty on all three counts. [Cr. No. 10-699, Doc. 85.]

---

[2] On July 30, 2009, Metro Narcotics/Gang Task Force agents met with a cooperating witness to conduct a controlled drug buy from the Movant. The cooperating witness met the Movant at the Movant's house and bought one-quarter ounce of methamphetamine for $550. On July 30, 2009, the cooperating witness, again, met with the Movant to purchase two one-quarter ounces of methamphetamine for $1,100. On August 5, 2009, the cooperating witness purchased three one-quarter ounces of methamphetamine from the Movant for $1,650. On October 20, 2009, an arrest warrant for the Movant was issued and on the same day, agents from the Chaves County Drug Task Force arrested Movant at her residence. [Doc. 10 at 3-4.]

[3] The facts surrounding Movant's two prior drug convictions involved two separate incidents in which Movant was arrested because drugs were found in her vehicle. On February 19, 1999, based on information from a confidential informant that Movant was selling drugs from her vehicle, a search warrant was obtained to search Movant's car and person. After officers located Movant's car, a search was conducted and the officers found cocaine and marijuana. Movant was arrested and charged with trafficking a controlled substance. On October 5, 1999, Movant met with an undercover agent and sold him cocaine. As a result of this drug transaction, a warrant was obtained to search Movant's vehicle and person. Upon execution of the search warrant, officers found cocaine in Movant's vehicle. Movant was again charged with trafficking controlled substance. On February 24, 2000, Movant pled guilty to the two drug trafficking charges. [Doc. 10 at 6.]

7.      The United States Probation Office prepared a Presentence Report and calculated Movant's base offense level at 28. [Doc. 10 at 2.]  Movant was given a two-level reduction for having a minor role in the criminal activity. [Id.]  However, after applying the career offender enhancement for Movant's prior felony convictions of a controlled substance offense, Movant's total offense level was 34. [Doc. 10 at 2; *see* U.S.S.G. § 4B1.1.]  Movant's criminal history category was VI because of her classification as a career offender. [Id.] With a total offense level of 34 and a criminal history category of VI, the Movant's sentencing guideline range was 262 to 327 months. [Id.]

8.      On January 19, 2012, Movant filed a Motion for *Booker* Variance and Departure From Guideline Range. [Cr. No. 10-699, Doc. 90.] Movant argued that the career offender guideline range over-represented the seriousness of her criminal history, and substantially over-represented the likelihood that she would commit other crimes. [Id.]  Movant further argued that the Court should consider her age and that she should be given a reduction based on her acceptance of responsibility. [Id.] Movant was asking the Court to only impose the mandatory minimum sentence of 10 years. [Id.] On February 7, 2012, the United States filed its Response in Opposition to [Movant's] Sentencing Memorandum. [Cr. No. 10-699, Doc. 94.]

9.      On February 8, 2012, District Judge Robert C. Brack held a Sentencing Hearing at which time Movant was sentenced for a term of 150 months as to each of Counts 1, 2, and 3, with the terms to run concurrently. [Cr. No. 10-699, Doc. 104.]  Judge Brack overruled Movant's objections regarding her status as a career offender stating, "[y]ou are a Career Offender. . . because there are multiple convictions for drug dealing and over time." [Cr. No. 10-699, Doc. 104 at p. 22, ll. 2-6.]  Judge Brack also denied Movant any benefit of acceptance of responsibility stating, ". . . she pled guilty.  She went to trial.  And she contested, . . . in a

3

vigorous cross-examination, amounts and that sort of thing[.]" [Cr. No. 10-699, Doc. 104 at p. 26, ll. 15-20.] Judge Brack varied on the low end from the Sentencing Guidelines "considering [Movant's] age as a primary motivating factor." [Cr. No. 10-699, Doc. 104 at p. 28, ll. 3-5.] Judge Brack advised Movant of her right to appeal the sentence imposed.

10.     On February 8, 2012, Judge Brack entered Judgment against Movant and sentenced her to a term of imprisonment of 150 months, and that upon release from imprisonment be on supervised release for at term of 4 years.  [Cr. No. 10-699, Doc. 96.]

11.     On October 29, 2012, Movant filed a Petition for a Downward Departure . [Doc. 99.] On November 30, 2012, Judge Brack entered a Memorandum Opinion and Order denying Movant's Petition due to lack of jurisdiction. [Doc. 100.]

12.     On February 11, 2013, Petitioner filed her Motion to Vacate, Set Aside or Correct Sentence, alleging (1) she was incorrectly sentenced as a career criminal; (2) her Presentence Report improperly calculated her criminal history; and (3) ineffective assistance of counsel because (i) she sent 20 pages of corrected information regarding her Presentence Report to her attorney that he failed to do anything about it; and (ii) she wanted to file an appeal but she failed to do so because her attorney did not want to file an appeal on her behalf. [Doc. 1.]

## ANALYSIS

### A.   Procedural Bar

13.     "Section 2255 is not available to test the legality of matters which should have been raised on appeal."  *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994)(quoting *United States v. Walling*, 982 F.2d 447, 448 (10th Cir. 1992)(quoting *United States v. Khan*, 835 F.2d 749, 753 (10th Cir. 1987), *cert. denied*, 487 U.S. 1222, 108 S.Ct. 2881, 101 L.Ed.2d 915 (1988)). A defendant who fails to present an issue on direct appeal is barred from raising the issue in a

§ 2255 motion, unless she can show cause for her procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if her claim is not addressed. *Allen*, 16 F.3d at 378 (citing *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993) (citing *United States v. Frady*), 456 U.S. 152, 167-168, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982)). This procedural bar applies to a defendant's collateral attack on her sentence. *Allen*, 16 F.3d at 378 (citations omitted). If the government raises procedural bar, the courts must enforce it and hold the defendant's claims procedurally barred unless cause and prejudice or a miscarriage of justice is shown. *Id.* A movant can show cause for the procedural default if she can demonstrate that his claim was "so novel that its legal basis [was] not reasonably available to counsel." *U.S. v. Wiseman*, 297 F.3d 975, 979 (10th Cir. 2002)(quoting *Reed v. Ross*, 468 U.S. 1, 16, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984)). Cause can also be established by showing that counsel rendered constitutionally ineffective assistance. *Wiseman*, 297 F.3d at 979 (citing *Coleman v. Thompson*, 501 U.S. 722, 753-54, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *United States v. Kissick*, 69 F.3d 1048, 1054-55 (10th Cir. 1995)). Additionally, the § 2255 movant who challenges his conviction can overcome the procedural bar if he can demonstrate that the constitutional error "has probably resulted in the conviction of one who is actually innocent." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 623-24, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (quotation omitted)).

14.     The United States argues that Movant is procedurally barred, absent a showing of cause or actual prejudice, from raising her first two claims in this 28 U.S.C. § 2255 motion because she failed to raise them in any direct appeal. [Doc. 10 at 4.] Movant's first two claims involve the computing of her two prior convictions and her belief that she was incorrectly sentenced as a career offender and that the Presentence Report improperly calculated her

criminal history points.  Movant believes her *two* prior state felony convictions should only have counted as *one* for purposes of computing her criminal history because she pled to and was sentenced for both convictions at the same time.  [Doc. 1 at 5; see also Cr. No. 10-699, Doc. 59.] The United States points to U.S.S.G. § 4B1.1(a), which states that a defendant is a career offender if:

> (1) the defendant was at least eighteen at the time of the offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

The United States also relies on U.S.S.G. § 4A1.2(a)(2), *Definitions and Instructions for Computing Criminal History*, which states in pertinent part:

> Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense).  If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day.  Count any prior sentence covered by (A) or (B) as a single sentence.

The United States contends that although Movant was only sentenced once in the underlying state court felony convictions, the sentence imposed was for multiple offenses separated by intervening arrests.  As such, the United States asserts that Movant's two prior state court felony convictions were correctly counted as separate offenses in determining she was a career offender and in computing her criminal history.

15.    Movant's counsel raised the issue of her career offender status in her Motion for *Booker* Variance and Departure From Guideline Range. [Cr. No. 10-699, Doc. 90.] Therein, counsel for Movant argued that treating her as a career offender would yield a greater sentence

than necessary to achieve 3553(a)'s purposes, and that the career offender guideline range over-represented the seriousness of Movant's criminal history. [Id. at 5-6.]

16.     Movant's counsel also raised an objection at the Sentencing Hearing regarding Movant's being classified as a career offender.  He stated in pertinent part:

> You will note in Ms. Miranda's Presentence Report that she actually has a total of six criminal history points.  These stem from two arrests in 1999 about six months apart.  They were for selling contraband – she was sentenced by our Judge Lynch.  He was, at that time, the district court judge in Roswell – on the same day.  And she was given identical sentences, and that was part of the plea arrangements, and they ran concurrent.  She was given nine years with five year suspended; the sentences to run concurrent.  Because these two offenses were separated by an intervening arrest, that is, there were two arrests, under the Guidelines, she's treated as a Career Offender, which elevates her base offense level from what would be 26 to 34, which is about a 30 percent increase.  And with her criminal history points of 6, is what she actually has, she's treated as if she has 13 or more, which is 100 percent increase in her criminal history points.
>
> If she were at Base Offense Level 26 with six points, Your Honor, the Guidelines range would be 78 to 97 months.  Instead she's at a range of 262 to 327 months.  That's a 300 percent increase in the penalty because of the treatment of her as a Career Offender.  I submit that this is a case where the facts of this case do not justify imposition of Career Offender Guidelines, that they overstate her criminal history significantly, and substantially and is not – does not serve the sentencing purposes of 3553.

[Cr. No. 10-699, Doc. 104 at pp. 5-6, ll. 4-25, 1-5.]

17.     District Judge Robert Brack addressed Movant's objection to her being classified as a career offender at the Sentencing Hearing.  He stated in pertinent part:

> And I will acknowledge my memory of the facts of the case, having reviewed them again last night, Ms. Miranda was — was a business woman.  She was bright.  She was savvy.  She was not motivated by her own drug use.  And had the history of doing this before.  Judge Lynch's sentence didn't deter her.  She qualifies, no doubt, for the Career Offender application.

[Cr. No. 10-699, Doc. 104 at p. 14, ll. 1-7.]

> You are a Career Offender.  By the definitions – I didn't make these definitions.  The Sentencing Commission did.  And you fit those definitions perfectly.  Because there

are multiple convictions for drug dealing and over time.  And we can spin it however we like, "Well, but they were really - they were all sentenced at the same time and you were given consecutive sentences" – we can spin it however we like, but you fit the definition perfectly.

[Cr. No. 10-699, Doc. 104 at p. 22, ll. 2-10.]

18.     As "cause" for not raising these issues on direct appeal, Movant states that her "appointed attorney did not want to." [Doc. 1 at 4-6.] While ineffective assistance of counsel constitutes cause for failure to raise a challenge prior to § 2255 collateral review, for the reasons discussed below, this Court finds that Movant has failed to show that Attorney Stephen Hosford's representation fell below an objective standard of reasonableness or that the outcome of the proceedings were unreliable. [*See* Ineffective Assistance of Counsel Discussion, *infra*.]

19.     As for the "prejudice" requirement in overcoming the procedural bar to Movant's claims, Movant has failed to show how she was prejudiced on these two issues given they were raised by counsel both in briefing and during oral argument, and the two issues were addressed by the Court at the Sentencing Hearing.  Furthermore, the record  indicates that the Court was compelled to impose a sentence of at least ten years (120 months), and that the Sentencing Guidelines placed Movant in the range of 262 to 327 months.  Here, Movant was sentenced to only 150 months -- 112 to 177 months, or approximately 10 to 15 years *below* a sentence that could have been imposed.

20.     Because Movant has failed to show cause for her procedural default or actual prejudice resulting from the alleged errors, and because she has failed to show that a fundamental miscarriage of justice will occur if her claims are not addressed, the Court recommends that Movant's first two claims be procedurally barred.

**Ineffective Assistance of Counsel**

21.     The United States Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668, 687 (1984) governs the inquiry of whether an attorney's performance was ineffective. In order to establish a claim of ineffective assistance of counsel, Petitioner must show both that (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) that he was so prejudiced because of counsel's errors that the outcome of the proceedings was rendered unreliable. *Id.* Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. *Id.* In applying the test of whether an attorney's performance was deficient and fell below an objective standard of reasonableness, the Tenth Circuit advises that "we give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable profession judgment.'" *Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir. 2002)(internal citation omitted), *cert. denied*, 537 U.S. 1093 (2002). In order to be found constitutionally ineffective, trial counsel's performance must have been completely unreasonable, not merely wrong, so that it bears no relationship to a possible defense strategy. *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997), *cert. denied,* 522 U.S. 844 (1997).

22.     The question under *Strickland* is not whether counsel could have done more or even better, but whether counsel's actions or decisions were "[objectively unreasonable] in all the circumstances, applying a heavy measure of deference to counsel's judgment." *Strickland*, 466 U.S. at 691. In other words, even if Petitioner had not received "perfect" or the "best possible" legal representation at every step of the proceeding, he is not entitled to "perfect" or

the "best possible" representation. *Washington v. Watkins*, 655 F.2d 1346, 1357 (5th Cir. 1981),

*cert. denied,* 456 U.S. 949 (1982)(not "entitled to perfect or error free representation"); *United*

*States v. Rhoads*, 617 F.2d 1313, 1319 (8th Cir. 1980)(not entitled to representation that results in

an acquittal or "best possible" representation); *see also Martinez v. U.S.*, 2008 WL 2329171, *5

(D. Utah June 3, 2008)(unpublished opinion). The Court does not indulge in the "distorting

effects of hindsight." *Strickland,* 466 U.S. at 689.

        23.    Movant first alleges that her counsel, Attorney Stephen Hosford, was ineffective

because she sent 20 pages of corrected information regarding her Presentence Report to her

attorney that he failed to do anything about it.  [Doc. 1.] Movant's argument fails for several

reasons.  First, the United States has attached to its Response the Affidavit of Stephen E.

Hosford. [Doc. 10-1.] Attorney Hosford states under oath in pertinent part:

> I went over the final PSR with Ms. Miranda on several occasions.  Ms. Miranda did
> raise numerous issues regarding the PSR.  Most were simply complaints about how
> the probation officer went about preparing the PSR, and critical of the overall
> characterization presented by the PSR, and did not raise matters of substance.  Others
> did involve certain alleged errors.  One issue pertained to an alleged inaccurate
> employment start and end dates.  A second issue that Ms. Miranda disputed pertained
> to a criminal charge from 1978, which did not assess Ms. Miranda any criminal
> history points, but stated that Ms. Miranda was convicted of shoplifting under the
> name Mary Ann Garcia.  Ms. Miranda advised me that she was never arrested for
> shoplifting and she denied being the person convicted of that charge.  Upon request
> from Ms. Miranda, at the sentencing hearing, I did object to the shoplifting charge
> in the PSR.  The government did not oppose my objection and the Court ordered the
> shoplifting conviction contained in paragraph 25 of the PSR to be removed.  I recall
> that there were no other issues of substance that she raised that I believe could affect
> her sentence in any fashion.  My overall understanding of the PSR is that it is
> fundamentally accurate.

[Doc. 10-1 at ¶ 6.]

        24.    Second, Mr. Hosford objected to the shoplifting charge in the PSR at the

Sentencing Hearing.  The transcript states in pertinent part:

| | |
|---|---|
| Court: | Mr. Hosford, I've read the Presentence Report and remember the case having gone to trial. Have you had a chance to review the report with your client? |
| Hosford: | Oh, yes, Your Honor. |
| Court: | And are there any additions or corrections or objections other than as noted in the pleadings? |
| Hosford: | There was one matter on paragraph 25. This is a portion of the criminal history which indicated a 1978 shoplifting charge under the name of a Mary Ann Garcia. Mr. Miranda tells me that that was not her. She was never arrested for shoplifting. . . . And I note that there were no points assigned for it and so, for purposes of relevance in the sentencing proceeding, I don't think it is particularly relevant, but Ms. Miranda did at least want me to raise the issue and note that she says that was not her. |
| . . . | |
| Armijo: | . . . I certainly don't mind – if you wanted to take it out, I certainly don't oppose that, given its age, so I'll leave it in the court's discretion. |
| Court: | Well, let's handle it that way. If the government doesn't oppose, given her denial of that involvement, we'll just - I'll just ask that paragraph 25 be stricken, please. |

[Cr. No. 10-699, Doc. 104 at p. 2-3, ll. 6-25, 13-20.]

25.    Third, Movant's after the fact declaration concerning her submission of 20 pages of corrected information regarding her Presentence Report, without more, is insufficient to establish that her counsel's representation fell below an objective standard of reasonableness or to show that the outcome of the proceedings were unreliable.

26.    Given Attorney Hosford's sworn testimony regarding his discussions with Movant about the Presentence Report, given Attorney Hosford's representations to the Court at the Sentencing Hearing regarding the Presentence Report, and given Movant's failure to produce any evidence to the contrary, the Movant has failed to show that Attorney Hosford's

11

representation fell below an objective standard of reasonableness or that the outcome of the
proceedings were unreliable.

27.     Movant next alleges that her counsel was ineffective because she wanted to file
an appeal but she failed to do so because her attorney did not want to file an appeal on her
behalf. [Doc. 1.] Movant's argument here also fails.   First,  Judge Brack informed Movant that
she had the right appeal the sentence he imposed and that it would have to be done within 14
days. [Cr. No. 10-699, Doc. 104 at p. 29, ll. 6-7.] He told Movant that her counsel could assist
her and that it would not cost her anything. [Id. at l. 8.]  Thus, Movant was fully aware of her
rights regarding an appeal.  Furthermore, if Movant had wanted to appeal and it were true that
Attorney Hosford did not want to file an appeal on her behalf, Movant could have asked for new
counsel – a process familiar to Movant since she had already requested new counsel during the
course of her proceedings.

28.     Second, Attorney Hosford states under oath in pertinent part:

After Ms. Miranda was sentenced, on February 16, 2012, I did consult with her at the
Otero Prison Facility regarding her right to a direct appeal.   I explained to
Ms. Miranda that her sentence was clearly lawful, that I believed the Court had
generously departed downward from the sentencing guideline range of 262-327
months to sentence of 150 months, and that I thought the chances of further reducing
the sentence to the 10 year minimum mandatory through appeal were about zero in
this case.  She advised she did not want to appeal.  On February 20, 2012, I again
visited Ms. Miranda at Otero to confirm that she had not changed her mind.  I also
hand delivered a letter to her regarding our conversation of February 16, 2012.  A
copy is attached.  Ms. Miranda reconfirmed that she did not want to file an appeal.

[Doc. 10-1 at 4, ¶ 8.] The letter referred to by Mr. Hosford states as follows:

Dear Ms. Miranda:

Based on our conversation on February 16, 2012, it is my understanding that you do
not wish to appeal the jury verdict or the judgment entered by Judge Brack in your
case.

> Judge Brack varied downward from the guideline range of 22 years plus to a
> sentence of 150 months, which is about twelve and one-half years.  As I told you last
> week, I do not think the appellate court would reverse the sentence to lower it.  You
> were facing a ten year mandatory minimum no matter what.  I think you made the
> best decision.

[Doc. 10-1 at 1.]

29.    Third, Movant's after the fact declaration concerning her desire to appeal, without

more, is insufficient to establish that her counsel's representation fell below an objective

standard of reasonableness or that the outcome of the proceedings were unreliable.

30.    Given the Court's admonition to Movant regarding her right to appeal, given

Attorney Hosford's representations in his sworn affidavit and the letter he hand delivered to

Ms. Miranda documenting Ms. Miranda's decision not to appeal, and given Movant's failure to

produce any evidence to the contrary, Movant has failed to show that Attorney Hosford's

representation fell below an objective standard of reasonableness or to show that the outcome of

the proceedings were unreliable

## <u>RECOMMENDED DISPOSITION</u>

For the foregoing reasons, this Court recommends that Petitioner's Motion to Vacate, Set

Aside, or Correct Sentence Pursuant to 28 U.S.C. 2255 [Doc. 1] be DENIED, and that this action

be dismissed with prejudice.

Timely objections may be made pursuant to 28 U.S.C. § 636(b)(1)(c).  Within fourteen

(14) days after a party is served with a copy of these proposed findings and recommendations

that party may, pursuant to  § 636(b)(1)(c), file written objections to such proposed findings and

recommendations with the Clerk of the United States District Court for the District of

New Mexico.  A party must file any objections within the fourteen (14) days period allowed if

that party wants to have appellate review of the proposed findings and recommendations.  If no

objections are filed, no appellate review will be allowed.


_____
**ALAN C. TORGERSON**
**United States Magistrate Judge**

14